**Record No. 25-5811**

---

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

In re ATTORNEYS for Patrick Byrne PETER TICKTIN and STEFANIE LAMBERT, *Petitioners,*

---

ON PETITION FOR A WRIT OF CERTIORARI TO THE U.S. SUPREME COURT, to the DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
Relates to Case No.: CV 2:23-09430-SVW,
HON. STEPHEN V. WILSON

---

**NOTICE OF APPEAL TO
TO THE UNITED STATES SUPREME COURT
AND REQUEST FOR EXPEDITED ("EMERGENCY") TREATMENT**

---

Roger Roots, Esquire, admitted
Peter Ticktin, Esquire, on the brief
THE TICKTIN LAW GROUP
Counsel for Petitioners
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Phone: (561) 232-2222
Email: RRoots@legalbrains.com
      Serv512@legalbrains.com

## PETITIONERS' NOTICE OF APPEAL TO U.S. SUPREME COURT

PETITIONERS PETER TICKTIN and STEFANIE LAMBERT, *Petitioners,* as ATTORNEYS for Patrick Byrne, Defendant in the civil defamation case brought by Robert Hunter Biden in the Central District of California, below, hereby file their NOTICE OF APPEAL and notice that they are filing a formal Petition for Writ of Certiorari forthwith. They appeal the denial of the Defendant's right to hire them *pro hac vice* in his defense.

PETITIONERS NOTE that with regard to Stefanie Lambert, related issues underlying this appeal have already been filed with the U.S. Supreme Court and Lambert is awaiting possible certiorari on some of the same issues.

PETITIONERS also request here (and will repeat in forthcoming motions) treatment on an emergency basis for scheduling, and/or consolidation with the existing U.S. Supreme Court case.

PETITIONERS also contemporaneously file their Motion for Stay with the Ninth Circuit requesting a stay from the Ninth Circuit. As noted, it has come to Petitioners' attention accidentally that Biden's attorneys are seeking an arrest warrant in this civil case of Patrick Byrne, because Biden's attorneys removed Byrne's attorney and Byrne is now lacking an attorney as a defendant in a civil case.

If the stay is declined here, Petitioners will of course repeat that motion before the U.S. Supreme Court.

PETITIONERS request the over-turning, modification, alteration, and/or clarification of existing precedent as may be needed for a decision in their favor.

PETITIONERS dispute – even in the very brief order denying their Petition for Writ of Mandamus – that the standards for Mandamus are not met. Among other analysis, Petitioners would not have filed their Petition if they did not reject such a narrow, limited, stingy view of the requirements for Mandamus.

However, this Panel appears to have reached that conclusion (inferring from the lack of any other reason being stated) that Mandamus did not apply on the basis of the underlying law of the right to counsel under the Due Process and Sixth Amendment rights under the U.S. Constitution.

PETITIONERS dispute that the discretion – not unbounded – of a trial judge to deny a defendant's right to not only counsel but the counsel of his or her choice can be denied based on raw and groundless speculation. Pure speculation about the future cannot abridge the Constitutional rights of the defendant. Thus, the exception asserted in judge-made law that the Constitution's guarantee does not apply has been radically transformed from a fact-based inquiry of removing a *pro hac vice* attorney due to actual misbehavior before the court in question into a boundless exercise in

iii

raw imagination. An attorney who has made a mistake in the past, the argument goes, *might not* do everything perfectly in the case before the judge in question. But on the other hand her or she might. What might happen is not a proper answer to a command of the U.S. Constitution.

For example, Stefanie Lambert routinely tries all manner of cases without anything remarkable occurring, *except* when they involve the highly politicized reactions to questions about novel and unprecedented conduct of the 2020 election during a COVID epidemic. It is irrational to speculate when nearly every case goes through without a hitch, except when certain vested interests want to silence critics. That is, if 0.1% of a lawyers' cases have had some controversy, is that a rational basis for speculating that an attorney will be *unable* (the legal test asserted, that a lawyer is so problematic that he or she will lack the capacity to follow rules) to conform to court orders and local rules in a particular court? And when those cases with allegations are all from the same company or its allies can that be considered?

Meanwhile, these issues have also grown and expanded over the years so that what was originally accepted in precedent is now very different.

PETITIONERS are this day requesting transcripts of any and all court hearings (many of which they were not made aware of a they were happening) and

will file those hearing transcripts as soon as the District Court's court reporting arm provides them.

WHEREFORE, undersigned provides NOTICE that he is seeking review of a Petition for a Writ of certiorari being filed herewith.

Respectfully submitted,

    */s/   Roger Roots*
Roger Roots, Esquire, admitted
Peter Ticktin, Esquire, on the brief
THE TICKTIN LAW GROUP
Counsel for Petitioners
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Phone: (561) 232-2222
Email: RRoots@legalbrains.com
 Serv512@legalbrains.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I hereby certify that this brief complies with the type-volume limitation because it contains 701 words, excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and Cir. R. 32(a)(1). I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typeface style requirements of Fed. R. App. P. 32(a)(6) because the brief was prepared in 14-point Times New Roman font using Microsoft Word.

Dated: September 30, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　*/s/　Roger Roots*
　　　　　　　　　　　　　　　　　Roger Roots, Esquire, admitted
　　　　　　　　　　　　　　　　　Peter Ticktin, Esquire, on the brief
　　　　　　　　　　　　　　　　　THE TICKTIN LAW GROUP
　　　　　　　　　　　　　　　　　Counsel for Petitioners

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2025, electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Service has been accomplished via e-mail and/or third-party commercial carrier to all counsel of record and to the District Court Judge.

　　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　*/s/　Roger Roots*
　　　　　　　　　　　　　　　　　Roger Roots, Esquire, admitted
　　　　　　　　　　　　　　　　　Peter Ticktin, Esquire, on the brief
　　　　　　　　　　　　　　　　　THE TICKTIN LAW GROUP
　　　　　　　　　　　　　　　　　Counsel for Petitioners